UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN JONES, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.:  18cv2729-W-LL<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO, DAVID JENNINGS, AND DENNIS LEGGETT'S EX PARTE APPLICATION TO DISQUALIFY AND REMOVE GAVIN JONES AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS E.J. AND W.J.**<br><br>**[ECF No. 44]** |

Currently before the Court is an ex parte application filed by Defendants County of San Diego, David Jennings, and Dennis Leggett requesting that the Court disqualify and remove Gavin Jones as guardian ad litem ("GAL") for the two minor children Plaintiffs. ECF No. 44. No opposition has been filed. See Docket. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

**I.     RELEVANT BACKGROUND**

On April 24, 2018, Plaintiffs Jones, E.J. and W.J. filed their original complaint in state court. ECF No. 1-2 at 3–26.

/ / /

On May 1, 2018, the state court granted Jones' application for appointment of GAL in the lawsuit on behalf of his children Minor Plaintiffs E.J. and W.J. ECF No. 44-1, Declaration of Jeffrey Miyamoto ("Miyamoto Decl."), ¶ 17.

On November 9, 2018, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 1-4 at 5–17. On December 4, 2018, Defendants filed a Notice of Removal of the FAC to the instant District Court. ECF No. 1.

On February 19, 2020, Plaintiff's counsel told defense counsel that Jones had agreed to settle the entire case, which included a dismissal of all claims (including the claims of Minor Plaintiffs), on the terms previously discussed on February 18, 2020. Miyamoto Decl. ¶ 6. Nominal Defendant Christina Finrow (formerly Christina Jones) also agreed to the terms of the settlement. Id. ¶ 4, 6.

On February 28, 2020, following an initial draft and comments, defense counsel sent a revised draft Settlement Agreement and Release to Plaintiff's counsel and Ms. Finrow. Id. ¶ 7–8. Ms. Finrow approved the revised agreement. Id. ¶ 8. On March 6, 2020, defense counsel learned from Plaintiff's counsel, Mr. Park, that Mr. Jones had not been responding to Mr. Park's calls and emails. Id. ¶ 9.

On March 18, 2020, the Court issued an order setting a follow-up telephonic settlement conference for counsel and parties or client representatives on March 26, 2020. ECF No. 33.

On March 19, 2020, defense counsel sent a Settlement Agreement and Release that was signed by Defendants and Ms. Finrow and contained Mr. Park's previous revisions to Mr. Park for Mr. Jones' signature. Miyamoto Decl. ¶ 12.

On March 26, 2020, Mr. Jones did not attend the follow-up telephonic settlement conference and Mr. Park stated that Mr. Jones had been unresponsive to Mr. Park's efforts to reach him. Id. ¶ 13; ECF No. 36 at 1. The Court set a hearing on April 2, 2020 to show cause why sanctions should not be imposed against Mr. Jones for his failure to appear and ordered Mr. Jones to file a declaration in advance of the hearing. ECF No. 36.

/ / /

On April 2, 2020, Mr. Jones did not appear at the show cause hearing and he did not file the required declaration. ECF No. 38. The Court set a follow-up telephonic settlement conference for April 16, 2020 and ordered counsel, Mr. Jones, and Ms. Finrow to attend. ECF No. 40. On April 16, 2020, Mr. Jones failed to appear, and Mr. Park advised the Court that Mr. Jones still has not responded to Mr. Park's efforts to reach him. ECF No. 43.

On April 17, 2020, Defendants filed the instant ex parte application to disqualify and remove Mr. Jones as GAL for Minor Plaintiffs.

## II.  DEFENDANTS' ARGUMENTS

Defendants argue first that Mr. Jones should be disqualified and removed as GAL because he is unfit to serve as GAL. ECF No. 44 at 6–8. Defendants claim that Mr. Jones has "completely abandoned his duties and responsibilities as GAL" by failing to follow three Court orders to appear telephonically and file a declaration, even after the Court warned him that a failure to comply may subject him to additional sanctions, including a recommendation of terminating sanctions. Id. at 6–7; see also ECF Nos. 33, 36, 40. Defendants further claim that Mr. Jones failure to communicate with his attorney, discuss the settlement agreement, and participate in this action has prejudiced Minor Plaintiffs. ECF No. 44 at 7. Additionally, Defendants contend that Mr. Jones has demonstrated poor judgment as to the safety and supervision of the Minor Plaintiffs during the time that this case has been pending based on deposition testimony. Id.

Next, Defendants argue that Mr. Jones should be disqualified and removed as GAL because he has a conflict of interest. Id. at 8–10. Defendants contend that there is an actual conflict of interest between Mr. Jones and Minor Plaintiffs because Mr. Jones is a key witness in the underlying Child Welfare Services investigation that led to this action. They claim that there is a potential financial conflict of interest between Mr. Jones and Minor Plaintiffs because they are all co-claimants in this action and Mr. Jones' interest might supersede those of the minors. Id. at 10.

/ / /

/ / /

### III.     LEGAL STANDARD

"The role of the guardian ad litem is to protect the incompetent person's rights in the action, to control the litigation, to compromise or settle, to direct the procedural steps, and make stipulations." Elliott v. Versa CIC, L.P., 328 F.R.D. 554, 556 (S.D. Cal. 2018) (quoting Golin v. Allenby, 190 Cal. App. 4th 616, 644 (2010)). The Court may, in its discretion, "remove a guardian ad litem if she acts contrary to the best interests of the minor or incompetent plaintiff, has a conflict of interest with the minor or incompetent plaintiff, or demonstrates an inability or refusal to act." Id.

### IV.     DISCUSSION

The Court finds that Mr. Jones has not acted in the best interests of the Minor Plaintiffs and has demonstrated a refusal to act. Mr. Jones, as GAL, is required, *inter alia*, to protect the Minor Plaintiffs' rights in the action, to control the litigation, and to compromise or settle. Id. However, with a negotiated settlement agreement awaiting his approval, Mr. Jones suddenly stopped participating in the case and stopped communicating with his attorney. This demonstrates his refusal to act. Furthermore, Mr. Jones' failure to review the settlement agreement and failure to comply with Court orders despite several opportunities to reassert his participation puts the entire action in jeopardy of terminating sanctions. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) (finding district courts may dismiss a case for failure to comply with a court order). Mr. Jones' inaction and endangerment of the case is contrary to the best interests of the Minor Plaintiffs because they are currently positioned to reach a settlement, but for Mr. Jones' abandonment of his duties as GAL. The Court thus finds it appropriate to remove Mr. Jones as GAL of the Minor Plaintiffs for failing to act in their best interests

/ / /

/ / /

/ / /

/ / /

/ / /

and for demonstrating an inability or refusal to act. See Elliott v. Versa CIC, L.P., 328 F.R.D. at 556.[1] Accordingly, the Court **GRANTS** Defendants' motion.

## V. CONCLUSION

The Court **GRANTS** Defendants' motion to disqualify and remove Gavin Jones as guardian ad litem of Minor Plaintiffs E.J. and W.J. and **ORDERS** the following:

Plaintiffs' attorney shall submit a petition for appointment of a new guardian ad litem that presents up to three suitable guardian candidates, their agreements to serve, and explanation with citation to legal authority of why they are suitable on or before **May 18, 2020**.

**IT IS SO ORDERED**.

Dated:  May 4, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge

---

[1] Because the Court finds Mr. Jones has failed to act in the best interests of the Minor Plaintiffs and has demonstrated an inability or refusal to act, the Court does not reach the issue of whether Mr. Jones has a conflict of interest with Minor Plaintiffs.