UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN JONES, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>         Defendants. | Case No.: 18cv2729-W-LL<br><br>**ORDER APPOINTING REPLACEMENT GUARDIAN AD LITEM**<br><br>**[ECF No. 48]** |

  Currently before the Court is an ex parte application filed by Plaintiffs requesting that the Court appoint Shawn McMillan, Esq. as guardian ad litem for Minor Plaintiffs W.J. and E.J. ECF No. 48. Defendants County of San Diego, David Jennings, and Dennis Leggett (collectively "Defendants") filed an opposition and requested that Christina Finrow Jones be appointed guardian ad litem, or alternatively, Cheryl Finrow (maternal grandmother) or Casondra Vachon (maternal aunt). ECF No. 51. For the reasons set forth below, the Court **DENIES** Plaintiffs' request and instead **APPOINTS** Cheryl Finrow as guardian ad litem for Minor Plaintiffs W.J. and E.J.

**I.  RELEVANT BACKGROUND**

  On April 24, 2018, Plaintiffs Gavin Jones, E.J. and W.J. filed their original complaint in state court. ECF No. 1-2 at 3–26.

On May 1, 2018, the state court granted Mr. Jones' application for appointment of guardian ad litem in the lawsuit on behalf of his children Minor Plaintiffs W.J. and E.J. ECF No. 44-1, Declaration of Jeffrey Miyamoto ("Miyamoto Decl."), ¶ 17.

On November 9, 2018, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 1-4 at 5–17. On December 4, 2018, Defendants filed a Notice of Removal of the FAC to the instant District Court. ECF No. 1. In the FAC, Minor Plaintiffs' mother, Christina Finrow Jones, was named as a nominal Defendant pursuant to California Code of Civil Procedure 376(a) because she would not join the action as a co-plaintiff. ECF No. 1-4 at 6. The FAC further states that "[n]one of the causes of action stated herein are alleged against Defendant Jones."

On May 4, 2020, this Court granted Defendants' ex parte application to disqualify and remove Mr. Jones as guardian ad litem and ordered Plaintiff's attorney to submit a petition for appointment of a new guardian ad litem. ECF No. 46.

**II.    PARTIES' ARGUMENTS**

Plaintiff states that Shawn McMillan, Esq. is fully competent and qualified to be guardian ad litem and protect the rights of Minor Plaintiffs. ECF No. 48 at 2. Plaintiff further states that Mr. Millan has "a stellar reputation as an attorney experienced in civil rights litigation, and has obtained outstanding jury verdicts and settlements for families that have been victimized by child welfare services agencies and their agents." Id. Plaintiff adds that although he is not a family member of Minor Plaintiffs', he is well suited because their next of kin—their mother—does not consent to the suit. Id. at 3.

Defendants argue that Mr. Millan does not have any type of relationship with Minor Plaintiffs and has not been involved with the case in any manner. ECF No. 49 at 4. Defendants state that Christina Finrow Jones ("Christina") is best suited to serve as guardian ad litem to Minor Plaintiffs because she is their mother and currently their primary caretaker; she is a licensed attorney; and she is intimately familiar with the proceedings in this case. ECF No. 49 at 3–4; see also ECF No. 49-1, Declaration of Christina Finrow Jones ("Finrow Jones Decl."), ¶ 6–7. Defendants further state that Christina will act in the best

interests of the children and will ensure that the settlement that was previously agreed to between the children and Defendants is finalized. ECF No. 49 at 3–4; Finrow Jones Decl. ¶ 9. Alternatively, Defendants state that either Minor Plaintiffs' maternal grandmother, Cheryl Finrow, or maternal aunt, Casondra Vachon, would be preferable to Mr. Millan because "they have had a close relationship with the children since their birth and continue to have a close relationship with them" and are both willing to serve as guardian ad litem. Id. at 4.

## III.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 17, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, W.J. and E.J. are domiciled in California. ECF No. 1-4 at 5–6. Under California law, an individual under the age of eighteen is a minor. Cal. Fam. § 6500. A minor may bring suit if a guardian conducts the proceedings, and the court may appoint a guardian ad litem to represent the minor's interests. Cal. Fam. § 6601; Cal. Civ. Proc. § 372(a). "The role of the guardian ad litem is to protect the incompetent person's rights in the action, to control the litigation, to compromise or settle, to direct the procedural steps, and make stipulations." Elliott v. Versa CIC, L.P., 328 F.R.D. 554, 556 (S.D. Cal. 2018) (quoting Golin v. Allenby, 190 Cal. App. 4th 616, 644 (2010)).

When determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and guardian have divergent interests. Cal. Civ. Proc. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." Williams v. Superior Court, 147 Cal. App. 4th 36, 49 (2007) (internal quotation marks and citation omitted); see also

Estate of Lopez v. City of San Diego, No. 13cv2240-GPC(MDD), 2014 WL 12675268, at *1 (S.D. Cal. Aug. 25, 2014) (quoting Williams v. Superior Court, 147 Cal. App. 4th at 49). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." Williams v. Superior Court, 147 Cal. App. 4th at 50.

## IV.   DISCUSSION

The Court recognizes the "presumption that fit parents act in the best interests of their children." Troxel v. Granville, 530 U.S. 57, 68 (2000). Christina, as the Minor Plaintiffs' mother, would act in the best interest of her children, has a close relationship with them, and is knowledgeable about this case. However, due to the original filing of the case in California state court, Christina is named as a nominal Defendant, even though no causes of action are alleged against her. A defendant in an action has an actual conflict of interest with the plaintiff, but the Court finds that Christina—as a nominal Defendant with no causes of action against her—is not a typical defendant in this regard. She has in fact attested that she would recommend that the settlement that was previously agreed to between the parties, which she finds reasonable and fair, be accepted. Finrow Jones Decl. ¶ 9. This would "assist the court in achieving a just and speedy determination of the action. See Williams v. Superior Court, 147 Cal. App. 4th at 49. Nevertheless, the Court finds that Christina's status as nominal Defendant creates an appearance of potential conflict.

The Court finds that of the other potential candidates besides Christina, W.J. and E.J.'s maternal grandmother, Cheryl Finrow, is an appropriate choice as guardian ad litem. She has had a close relationship with Minor Plaintiffs since their birth and is willing to serve as guardian ad litem and protect their interests. See Williams v. Superior Court, 147 Cal. App. 4th at 49. Although Mr. Millan appears capable, he is a stranger to the children, and on the facts in this case, the Court finds that another capable person who is familiar to the children is preferable. See Hanson v. La Flamme, 761 F. App'x 685, 689 (9th Cir. 2019)

///

///

(finding no abuse of discretion by district court that appointed a guardian ad litem who "has some significant relationship with, and is truly dedicated to the best interests of" the minor (citation omitted)).

## V.  CONCLUSION

The Court **DENIES** Plaintiff's request to appoint Mr. Millan and instead **APPOINTS** Cheryl Finrow as guardian ad litem for Minor Plaintiffs W.J. and E.J.

**IT IS SO ORDERED**.

Dated:  June 5, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge