UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN JONES, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.:  18cv2729-W-LL<br><br>**REPORT AND RECOMMENDATION RECOMMENDING DISMISSAL OF PLAINTIFF JONES FOR FAILURE TO PROSECUTE** |

This matter comes before the Court following Plaintiff Gavin Jones' failure to appear at a telephonic settlement conference on March 26, 2020 [ECF No. 36 at 1], failure to appear at an Order to Show Cause ("OSC") hearing on April 2, 2020 [ECF No. 38], failure to file a declaration in advance of the OSC hearing [ECF No. 38], and failure to appear at a telephonic settlement conference on April 16, 2020 [ECF No. 43]. Defendants have requested terminating sanctions and monetary sanctions. ECF No. 39.

**I.      RELEVANT BACKGROUND**

On April 24, 2018, Plaintiffs Jones, E.J. and W.J. filed their original complaint in state court. ECF No. 1-2 at 3–26.

/ / /

/ / /

On May 1, 2018, the state court granted Mr. Jones' application for appointment of guardian ad litem in the lawsuit on behalf of his children Minor Plaintiffs E.J. and W.J. ECF No. 44-1, Declaration of Jeffrey Miyamoto ("Miyamoto Decl."), ¶ 17.

On November 9, 2018, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 1-4 at 5–17. On December 4, 2018, Defendants filed a Notice of Removal of the FAC to the instant District Court. ECF No. 1.

On February 19, 2020, Plaintiff's counsel told defense counsel that Jones had agreed to settle the entire case, which included a dismissal of all claims (including the claims of Minor Plaintiffs), on the terms previously discussed on February 18, 2020. Miyamoto Decl. ¶ 6. Nominal Defendant Christina Finrow Jones also agreed to the terms of the settlement. Id. ¶ 4, 6.

On February 28, 2020, following an initial draft and comments, defense counsel sent a revised draft Settlement Agreement and Release to Plaintiff's counsel and Ms. Finrow Jones. Id. ¶ 7–8. Ms. Finrow Jones approved the revised agreement. Id. ¶ 8. On March 6, 2020, defense counsel learned from Plaintiff's counsel, Mr. Park, that Mr. Jones had not been responding to Mr. Park's calls and emails. Id. ¶ 9.

On March 18, 2020, the Court issued an order setting a telephonic settlement conference for counsel and parties or client representatives on March 26, 2020. ECF No. 33.

On March 19, 2020, defense counsel sent a Settlement Agreement and Release that was signed by Defendants and Ms. Finrow Jones and contained Mr. Park's previous revisions to Mr. Park for Mr. Jones' signature. Miyamoto Decl. ¶ 12.

On March 26, 2020, Mr. Jones did not attend the telephonic settlement conference and Mr. Park stated that Mr. Jones had been unresponsive to Mr. Park's efforts to reach him. Id. ¶ 13; ECF No. 36 at 1. The Court set a telephonic hearing on April 2, 2020 to show cause why sanctions should not be imposed against Mr. Jones for his failure to appear and ordered Mr. Jones to file a declaration in advance of the hearing. ECF No. 36.

On April 2, 2020, Mr. Jones did not appear at the show cause hearing and he did not file the required declaration. ECF No. 38. The Court set a follow-up telephonic settlement conference for April 16, 2020 and ordered counsel, Mr. Jones, and Ms. Finrow Jones to attend. ECF No. 40. On April 16, 2020, Mr. Jones failed to appear, and Mr. Park advised the Court that Mr. Jones still has not responded to Mr. Park's efforts to reach him. ECF No. 43.

On April 17, 2020, Defendants filed an ex parte application to disqualify and remove Mr. Jones as GAL for Minor Plaintiffs [ECF No. 44], which the Court granted on May 4, 2020 [ECF No. 46]. Plaintiff did not file an opposition. See Docket.

On June 5, 2020, the Court appointed a new guardian ad litem for Minor Plaintiffs. ECF No. 52.

## II.  DEFENDANTS' POSITION

On April 6, 2020, Defendants filed a brief setting forth their position regarding appropriate sanctions against Mr. Jones in light of his failure to appear at the March 26, 2020 telephonic settlement conference and the April 2, 2020 OSC hearing. ECF No. 39. They request terminating sanctions be imposed against Mr. Jones and monetary sanctions against Mr. Jones of $1,669.80 for defense counsel's time on matters created by Mr. Jones' lack of participation and cooperation. Id. at 7–8.

## III.  LEGAL STANDARD

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss an action sua sponte for lack of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964–65 (9th Cir. 2004) ( "All federal courts are vested with inherent powers enabling them

to manage their cases and courtrooms effectively and to ensure obedience to their orders . . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." (citation omitted)). The Southern District of California Civil Local Rules codifies this inherent power with the following:

> Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

Civ. LR 83.1(a).

## IV. DISCUSSION

The Court finds that Mr. Jones has failed to prosecute this action. Since March 2020, Mr. Jones has failed to respond to repeated communications from his attorney. He has failed to comply with three Court orders to attend telephonic settlement conferences, attend a hearing to show cause why sanctions should not be imposed, and file a declaration in advance of the hearing to show cause. In the order setting the hearing to show cause why sanctions should not be imposed, the Court expressly warned Mr. Jones that his "[f]ailure to comply with this or any other Court order may result in the imposition of additional sanctions including a recommendation of terminating sanctions." ECF No. 36 at 2.

Defendants ask for a monetary sanction pursuant to Civil Local Rule 83.1(a). The Court in its discretion declines to award a monetary sanction.

## V. CONCLUSION

In consideration of the procedural history of this case and Mr. Jones' failure to comply with three Court orders, the undersigned **RECOMMENDS** that the Court **DISMISS WITH PREJUDICE** Plaintiff Gavin Jones from this action for failure to prosecute. See Fed. R. Civ. P. 41(b); CivLR 82.1(a); Link v. Wabash R. Co., 370 U.S. 629–31; Aloe Vera of Am., Inc. v. United States, 376 F.3d at 964–65.

**IT IS HEREBY ORDERED** that Plaintiff Gavin Jones may file written objections with the Court and serve a copy on Defendants no later than **June 22, 2020**. The document should be captioned "Objections to Report and Recommendation." Defendants may file a reply to the objections by **June 29, 2020**.

Dated: June 8, 2020

Honorable Linda Lopez
United States Magistrate Judge